**Meliano DIAZ, Petitioner–Appellant,**

v.

**Robert HENDERSON, Superintendent, Auburn Correctional Facility, Respondent–Appellee.**

No. 1258, Docket 89–2412.

United States Court of Appeals, Second Circuit.

Argued May 17, 1990.

Decided June 7, 1990.

Arza Rayches Feldman, Hauppauge, N.Y., for petitioner-appellant.

Pamela L. Milgrim, Brooklyn, N.Y., Asst. Dist. Atty., Kings County (Charles J. Hynes, Dist. Atty., Kings County, Jay Cohen, Asst. Dist. Atty., of counsel), for respondent-appellee.

Before OAKES, PIERCE, and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

Meliano Diaz, a New York State prisoner, appeals from a judgment dismissing his petition for a writ of habeas corpus, 28 U.S.C. § 2254, in which he claimed that the state's seven-year delay in hearing his appeal violated his due process rights. The United States District Court for the Eastern District of New York, Jack B. Weinstein, *Judge*, dismissed the petition. Because Diaz's state appeal had been heard and affirmed before the federal court issued its order, the district court found the petition to be moot. Affirmance by the state court did not automatically render Diaz's habeas petition moot; however, because his appeal was not prejudiced by the long delay, Diaz's petition was correctly denied.

## BACKGROUND

In 1976 Diaz robbed and killed a priest in Brooklyn. In 1982 he was convicted of second degree murder and criminal possession of a weapon and sentenced to concurrent terms of twenty-five years to life on the murder count and five to fifteen years on the weapons count. He filed a timely notice of appeal to the appellate division, second department, and initially was assigned counsel from the Legal Aid Society.

In January 1983, however, Legal Aid withdrew as counsel because of a conflict of interest, and the court assigned Stanley Shapiro, a panel attorney appointed under New York County Law § 722 (McKinney 1990), to represent Diaz on appeal. Over the next five years, Shapiro failed to perfect the appeal. Finally in March 1988, the appellate division assigned Diaz a new attorney who perfected the appeal in September.

■ When Diaz's appeal had not been heard by May 1989, he petitioned for a writ of habeas corpus in federal district court claiming that the delay of seven years had denied him due process. He sought unconditional release, retrial, or a new appeal. While that petition was pending, the appellate division affirmed Diaz's conviction. *People v. Diaz*, 151 A.D.2d 771, 543 N.Y. S.2d 141 (2d Dept.1989). Although the district court found that the delay in processing the appeal was "excessive", it dismissed Diaz's petition as moot simply because his conviction had at last been affirmed.

■ Diaz now claims that the district court erred by dismissing his petition as moot. He argues that because the delay was excessive, his due process rights were violated, and he is therefore entitled to habeas relief. We agree with Diaz that the district court erred in viewing his petition as moot, but we do not agree that the relief Diaz seeks in this habeas proceeding is available to him. In short, the petition had to be dismissed on its merits.

## DISCUSSION

*Simmons v. Reynolds*, decided by this court on March 12, 1990, well after the district court had dismissed Diaz's petition, involved a similar problem of a long-delayed appeal in the appellate division, second department, where the Legal Aid Society withdrew its representation and was replaced by attorney Shapiro who neglected his duty to bring the appeal on for prompt disposition. 898 F.2d 865 (2d Cir. 1990). As we pointed out in *Simmons*, "[a] state court's hearing of an appeal does not moot a habeas petition based on a claimed denial of the petitioner's right to appeal". *Id.* at 867. A habeas petition claiming delay of appeal raises the issue of whether the delay "violated the petitioner's right to an adequate and effective appeal." *Id.;* see *Mathis v. Hood*, 851 F.2d 612, 614 (2d Cir.1988). Even though his conviction has been affirmed and his appeal has been heard by the state court, "[the petitioner is] entitled to a habeas determination of whether [the delay rendered his appeal] no more than a 'meaningless ritual'". *Simmons*, 898 F.2d at 867 (quoting *Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 835, 83 L.Ed.2d 821 (1985)).

The remedies Diaz seeks—release, retrial, or a new appeal—would be appropriate only if the delay of his appeal had prejudiced his due process rights so as to make his confinement constitutionally deficient. *Id.* at 869; see *e.g., Jenkins v. Coombe*, 821 F.2d 158, 162 (2d Cir.1987) (new appeal ordered when state prisoner had no counsel on direct appeal). However, the constitutional integrity of his appeal was not prejudiced by the delay because, as Diaz's attorney correctly conceded at oral argument, he could not conscientiously claim that the appeal would have had a different result absent the delay. Since Diaz's appeal has now been heard, and he can make no claim that it was constitutionally tainted because of the delay, he is not unlawfully incarcerated and, therefore, not entitled to a writ of habeas corpus. See *Simmons*, 898 F.2d at 869; see also *Preiser v. Rodriguez*, 411 U.S. 475, 484–86, 93 S.Ct. 1827, 1833–34, 36 L.Ed.2d 439 (1973) (a writ for habeas corpus provides relief from illegal custody).

Nevertheless, Diaz claims that the unconstitutional delay of his appeal did cause him anxiety for which he is entitled to a remedy. *See Rheuark v. Shaw,* 628 F.2d 297, 303 n. 8 (5th Cir.1980); *Geames v. Henderson,* 725 F.Supp. 681, 686 (E.D.N.Y. 1989); *Wheeler v. Kelly,* 639 F.Supp. 1374, 1380–81 (E.D.N.Y.1986), *aff'd,* 811 F.2d 133 (2d Cir.1987); *see also Barker v. Wingo,* 407 U.S. 514, 532, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972). Habeas corpus, however, is a remedy designed only to relieve prisoners from illegal custody. *Preiser,* 411 U.S. at 484–86, 93 S.Ct. at 1833–34. Anxiety, even when unconstitutionally inflicted, is harm of a personal nature. It is redressed more appropriately, if at all, under 42 U.S.C. § 1983 or under state law, avenues that may still be available to Diaz.

Diaz contends that a § 1983 claim would be an ephemeral remedy for a due process violation grounded in an excessively delayed appeal, since any potential defendants to the claim would either be entitled to immunity (e.g., the judges and staff of the appellate division) or would not have been acting under color of state law (e.g., appointed counsel). Thus, he argues, he would have no recovery for his anxiety. Even if Diaz is correct, and we do not decide that he is, it would leave him in no different a situation from that of any other victim of an unconstitutional injury caused by an immunized defendant. Not every constitutional violation results in a recovery.

## CONCLUSION

This case, together with our recent decision in *Simmons,* serves to emphasize that for habeas petitions to be effective in cases like this, they need to be brought as soon as the appellate delay becomes unreasonable. Our most useful tool, perhaps our only effective tool, for assisting state prisoners whose appeals are unreasonably delayed is an alternative writ that orders the state court to hear the appeal promptly or to release the prisoner. *See e.g., Brooks v. Jones,* 875 F.2d 30, 32 (2d Cir.1989); *Geames,* 725 F.Supp. at 686. Prisoners who diligently seek to have their appeals heard, but are frustrated by appointed counsel or state courts that do not respond within a reasonable time, may come directly to federal court for habeas relief. An alternative writ at that stage may effectively expedite an indigent prisoner's appeal.

We hold that the district court correctly rejected Diaz's habeas petition although it did so on the erroneous ground of mootness. Even though the delay of Diaz's appeal was excessive, the delay did not prejudice the merits of his appeal. Accordingly, Diaz's petition for habeas relief was correctly denied.

Affirmed.