Robert WILLIAMS, Petitioner,

v.

Charles JAMES, Superintendent, Collins
Correctional Facility, Respondent.

No. CIV–86–342E.

United States District Court,
W.D. New York.

July 25, 1991.

R. Nils Olsen, Jr., Buffalo, N.Y., for petitioner.

Assistant Dist. Atty. Louis A. Haremski, Buffalo, N.Y., for respondent.

### MEMORANDUM and ORDER

ELFVIN, District Judge.

Presently before the Court is the petitioner's application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.[1] This Petition arises out of the claimed excessive delay experienced by the petitioner awaiting the perfection and the resolution of his appeal from a state court criminal conviction. For the reasons set forth below, this Court will deny the Peti-

tion. However, because this Court also finds that the petitioner probably has been deprived of certain constitutionally-secured rights, he will be permitted to recast this proceeding as an action for damages arising out of violations to his civil rights pursuant to 42 U.S.C. § 1983.

The Petition was referred, by Order dated May 13, 1986, to Magistrate Judge Edmund F. Maxwell for his review and a report containing findings of fact, conclusions of law and a proposed disposition of the case. *See* 28 U.S.C. § 636(b)(1)(B). The facts, as set forth by the Magistrate Judge in his January 14, 1991 Report and Recommendation ("R & R") are summarized below.

On March 14, 1985, following a jury trial in the Supreme Court of the State of New York, Erie County, the petitioner was convicted of two counts of criminal possession of a controlled substance and two counts of criminal sale of a controlled substance. He was sentenced to three to nine years' imprisonment on each of the four counts, such sentences to be served concurrently. The petitioner was represented at trial by retained counsel.

On April 2, 1985 the petitioner's retained counsel filed a notice of appeal and a 120–day stay of execution of sentence was granted. However, the petitioner's retained counsel failed to perfect the appeal and on August 8, 1985 the stay terminated and petitioner surrendered to commence serving his sentence. On October 8, 1985, the petitioner filed *pro se* a motion to proceed *in forma pauperis* and requested assignment of counsel. He also sought a new stay order. The Appellate Division denied the stay. Nearly four months later, on January 30, 1986, Legal Aid Bureau of Buffalo, Inc. ("the Bureau") was assigned to represent petitioner.[2]

---

**1.** Because this petitioner appears to have been released from prison on parole, the New York State Board of Parole should have been joined a party-defendant to this habeas action. *See Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *see also Billiteri v. United States Bd. of Parole,* 541 F.2d 938 (2d Cir.1976).

**2.** In December 1985 the petitioner wrote to the Chief Attorney of the Office of Grievance Committee for the Fourth Judicial Department, regarding his retained counsel's failure to perfect his direct appeal. The petitioner continued to press this grievance against his retained counsel for the next six months.

The petitioner commenced the instant habeas corpus proceeding April 16, 1986 claiming denial of effective assistance of counsel. He moved for appointment of counsel in September of 1986 and on July 29, 1987 counsel was assigned to represent petitioner in this proceeding. By Order dated July 31, 1987 Judge Maxwell ordered the respondent to show cause why the petitioner should not be released unless his appeal were perfected within seventy-five days.

Prompted by such Order, the Erie County District Attorney's Office moved in the Appellate Division to dismiss petitioner's direct appeal for failure to prosecute. On September 2, 1987 the motion was conditionally granted unless petitioner filed a brief by November 2, 1987. Petitioner's counsel timely filed a brief on October 9, 1987 but the petitioner moved for permission to file *pro se* a supplemental brief. After the petitioner had requested and been granted various extensions to file the brief, argument of the appeal was heard October 25, 1988. On December 23, 1988 the Appellate Division unanimously affirmed the petitioner's conviction. Application for leave to appeal to New York's Court of Appeals was denied April 11, 1989.

On July 27, 1988 Judge Maxwell recommended that the Petition be dismissed as moot due to the fact that, at that time, the delay in the perfection of the petitioner's direct appeal was due to the petitioner's requests for extensions to file a supplemental brief. However, in December 1988 this Court referred the matter back to the Magistrate Judge for reconsideration in light of the then recent decision in *Mathis v. Hood,* 851 F.2d 612 (2d Cir.1988). By Order dated March 23, 1990 the Magistrate Judge determined that the instant Petition was not moot and directed that the merits of the claim be addressed. The Magistrate Judge subsequently issued his January 14, 1991 R

& R addressing the merits of the petitioner's claims. As set forth below, this Court agrees with the Magistrate Judge's conclusions, but for different and additional reasons.

█ The only issue raised in the Petition is whether the extensive delay in the petitioner's appeal violated his constitutional rights to effective assistance of counsel.[3] In the R & R the Magistrate Judge sets forth a lengthy *"Barker* analysis"—*see, infra*—for determining whether the delay constituted a deprivation of the petitioner's due process rights. Although not claimed in the Petition, because this issue was briefed by the petitioner once counsel was appointed, this Court will interpret the Petition as including a claim for deprivation of due process.

█ The respondent has raised as a defense that the petitioner failed to exhaust all of his state court remedies prior to bringing the instant habeas corpus proceeding. *See* 28 U.S.C. § 2254(b). It is clear that, where a prisoner's requests—to state court and appointed counsel—to have his appeal perfected are met repeatedly without success, the prisoner need not take additional steps in the state courts before he may institute a federal court proceeding. *Simmons v. Reynolds, supra,* 898 F.2d 865 at 867–868 (2nd Cir.1990); *see also Brooks v. Jones,* 875 F.2d 30, 31 (2d Cir. 1989). While the instant petitioner did not make the repeated efforts to contact the Appellate Division and/or counsel as did the petitioner in *Simmons,* this Court still finds that he adequately exhausted his state court remedies, for purposes of seeking federal habeas corpus relief. This petitioner was not required to move to vacate the trial court judgment, pursuant to section 440.10 of New York's Criminal Procedure Law (*i.e.,* a petition for a writ of error *coram nobis* ), prior to initiating a federal habeas proceeding. *See Mathis v. Hood,* 851 F.2d 612, 614–615 (2d Cir.1988). In-

---

**3.** Although the right to an appeal from a state-imposed criminal conviction is not mandated by the federal constitution, where a state has provided that an appeal as of right exists, those due process protections existing at the trial—including the right to reasonably effective counsel—must be extended through the completion of such appeal. *See Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 *reh'g denied,* 470 U.S. 1065, 105 S.Ct. 1783, 84 L.Ed.2d 841 (1985); *Simmons v. Reynolds,* 898 F.2d 865, 868 (2d Cir.1990).

deed, it is unclear that he even could make such application in the Appellate Division. *Ibid.* Even if he could have, it is likely that such motion would have foundered as did his appeal. Accordingly, it appears to this Court that such efforts might well have been futile. *See* 28 U.S.C. § 2254(b) (exhaustion excused where doing so would be ineffective). Thus, and because the exhaustion doctrine is based upon comity and not jurisdiction—*see Wheeler v. Kelly* (*"Wheeler"*), 639 F.Supp. 1374, 1377 (E.D.N.Y.1986), *aff'd*, 811 F.2d 133 (2d Cir. 1987) —, this Court finds that further exhaustion by the petitioner was not necessary and turns now to the merits of the petitioner's due process claim.

■ In determining whether an appeal's delay rises to the level of a deprivation of constitutionally protected due process rights, the United States Court of Appeals for the Second Circuit has directed subservient courts to apply the factors originally set forth in *Barker v. Wingo* (*"Barker"*), 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). *See Simmons v. Reynolds* (*"Simmons"*), 898 F.2d 865, 868 (2nd Cir.1990). These factors are (1) the length of the delay, (2) the reason(s) for the delay, (3) the prisoner's assertions of his right, and (4) the prejudice to the prisoner from the delay. Such factors are to be balanced—weighing the conduct of both the prisoner and the state—and no single factor is either necessary or sufficient to a finding of a deprivation. *See Barker, supra*, at 533, 92 S.Ct. at 2193; *Wheeler, supra*, at 1378.

■ As to the first *Barker* factor— length of delay—over three and a half years passed between the time the petitioner filed his notice of appeal and the time the appeal was affirmed. Although approximately eight months' delay was attributable to the petitioner's requests for extensions, there remains over two and a half years of delay attributable to either counsel—due to its caseload—or the Appellate Division—due to its failure to monitor the

appeal. While there is no set formula for determining whether a particular delay is excessive—*see e.g., Wheeler, supra*, at 1378 —, it is clear that a two and a half-year delay was not justified. Once perfected, the appeal was heard and resolved in short time. Accordingly, this Court finds the delay to be unreasonable. *See e.g., Simmons, supra; Wheeler, supra.*

The second *Barker* factor—the reason for the delay—reveals that the excessive delay was due primarily to the inaction of assigned counsel, as well as the seeming lassitude of the Appellate Division itself in addressing the problem. The petitioner, except for the eight-month delay caused by his own requests, was the force responsible for prodding the Appellate Court into action in October 1985 when he moved for appointment of counsel and again when he came to the federal court for relief.

These efforts by the petitioner are relevant to the third *Barker* factor—the prisoner's assertion of his rights. These efforts reveal that he did not waive his rights.

Finally, with respect to the fourth *Barker* factor—prejudice to the prisoner—this Court finds that such a delay well may have been prejudicial in that it may have created an anxiety and a concern that one's appeal would be adversely affected. Whether this petitioner was prejudiced in the ultimate disposition of the appeal may not be knowable. While he has not presented any evidence of prejudice to the appeal itself, it would not strike this Court as unusual that a three and a half-year delay must worry the individual awaiting the ultimate outcome which he hopes will necessitate a new trial.[4] *See Simmons v. Reynolds*, 708 F.Supp. 505, 510 (E.D.N.Y.1989), *aff'd, Simmons, supra.* Accordingly, this Court finds that the delay herein well may have caused prejudice to the petitioner. *See Simmons, supra*, at 868.

Weighing the four *Barker* facts, this Court is strongly of the mind—in agree-

---

**4.** This is especially true where, as here, the length of delay nearly exceeds the prisoner's minimum sentence.

ment with the Magistrate Judge—that the petitioner's due process rights were violated by the delay in his appeal.

 The petitioner has also claimed that he was deprived of his right to effective assistance of counsel. It is well established that a criminal defendant is entitled as of right to effective assistance of counsel in an appeal just as he is entitled to effective assistance of counsel at trial. *See Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821, *reh'g denied*, 470 U.S. 1065, 105 S.Ct. 1783, 84 L.Ed.2d 841 (1985).[5] Further, in *Simmons, supra*, an attorney's five-year delay in perfecting an appeal was determined to be "nominal and ineffective as a matter of law and [violative of] the due process rights of the convicted client." *Simmons, supra*, at 868. Here, the period of delay *not* attributable to the petitioner was roughly two and a half years. Further, the petitioner's concerns appear to be partly directed at his retained trial counsel, who did not perfect the appeal and against whom the petitioner has separately prosecuted a grievance procedure. *See, supra*, at footnote 2.[6] This Court is not prepared to find, as a matter of law, that the petitioner received ineffective assistance of counsel. *See Simmons, supra*, at 868 (five-year delay compels the conclusion that counsel was ineffective as a matter of law). However, even if he had, the remedy set forth hereinafter for the deprivation of his due process rights would be the same.

 Having determined that the petitioner was deprived of his rights to due process, this Court must now determine appropriate relief. Because the petitioner's appeal resulted in an affirmance and—while late—is not itself alleged to have been constitutionally deficient, the petitioner's incarceration is not unlawful. *See Cody v. Henderson ("Cody")*, 936 F.2d 715, 720 (2d Cir.1991) ("An untainted affirmance of a petitioner's state appeal * * * makes clear that the petitioner was confined pursuant to a valid judgment of conviction *throughout* the period of delay."); *see also Diaz v. Henderson ("Diaz")*, 905 F.2d 652, 653 (2d Cir.1990). Thus, short of a showing that, but for the delay, the appellate result would have been different, this Court must find that release from custody is inappropriate.[7] *See Mathis v. Hood*, 937 F.2d 790, 794 (2d Cir.1991);[8] *see also Cody, supra*, at 719 ("*Diaz* and *Simmons* clearly stand for the proposition that unconditional release from custody is not an appropriate remedy unless [a petitioner] can demonstrate that appellate delay caused substantial prejudice to the disposition of his appeal."); *Diaz, supra*, at 653; *Simmons, supra*, at 869.[9]

 Because granting a petition for a writ of habeas corpus has been determined

**5.** Cited in footnote 3, *supra.*

**6.** In *Mathis v. Hood*, 937 F.2d 790 (1991), the United States Court of Appeals for the Second Circuit determined that, where the petitioner had filed a grievance against the counsel while the latter was representing him on appeal, such an attorney had a conflict of interest rendering the appeal itself unconstitutional. Because, herein, petitioner's retained trial counsel did not represent the petitioner at the appeal itself, this Court finds no constitutional violation arising from any such conflict of interest.

**7.** An alternative writ that usually is available in delayed appeal cases is one directing the State court to hear the appeal within a specified time period or to release the prisoner. *See, e.g., Wheeler, supra*, at 1382; *see also Simmons, supra*, at 869. This remedy was previously employed in this matter, prompting the disposition of the appeal

**8.** Cited in footnote 6, *supra.*

**9.** The petitioner asserts that requiring him to show actual prejudice to the appeal itself is overly burdensome because such would require him to argue the merits of his appeal before this Court and that such arguments would be dismissed as involving "exhausted and unexhausted claims and non-justiciable state law claims." Petition's Objections to the R & R at 3. This Court realizes that it is a substantial burden for the petitioner to show that, but for the delay, the conviction would have been reversed. However, the petitioner has made no showing whatsoever that the delay itself affected the appeal. And to the extent the delay caused prejudice in the form of anxiety, such prejudice is properly remedied through an action for damages. *See, infra.*

to be inappropriate, this Court must find—following *Cody, Simmons,* and *Diaz*—that relief for any prejudice suffered by this petitioner is best obtained through a suit for damages, pursuant to 42 U.S.C. § 1983. Such relief satisfies the directive for a district court to "dispose of the matter as law and justice require." 28 U.S.C. § 2243; *see also Simmons, supra,* at 869. Although this Court is aware that in bringing such a suit the petitioner may encounter claims of qualified immunity and/or an absence of action under color of state law,[10] it finds that such potential impediments most probably would not be enough to persuade this Court to disallow a section 1983 action. As the United States Court of Appeals for the Second Circuit has stated—"[n]ot every constitutional violation results in a recovery." *Diaz, supra,* at 654.

Accordingly and affirming the findings in the R & R, it is hereby ORDERED that the instant Petition for a writ of habeas corpus is denied but that the petitioner may, within sixty days, recast his present claims in a complaint for damages pursuant to 42 U.S.C. § 1983.

---

**10.** The Bureau's attorney-employees, if sued, might tenably assert that they did not "act" under color of state law.