Louis J. YOURDON, Petitioner,

v.

Walter R. KELLY, Superintendent, Respondent.

No. CIV–88–738E.

United States District Court, W.D. New York.

July 26, 1991.

---

3. An alternative writ that usually is available in delayed appeal cases is one directing the State court to hear the appeal within a specified time period or to release the prisoner. *See, e.g., Wheeler, supra,* at 1382; *see also Simmons, supra,* at 869. However, this remedy is obviously unavailable when, as here, the appeal has been heard and resolved.

4. The petitioner asserts that requiring him to show actual prejudice to the appeal itself is overly burdensome because it would require him to argue the merits of his appeal before this Court and that such arguments would be dis-

missed as involving "exhausted and unexhausted claims and non-justiciable state law claims." Petitioner's Objections to the R & R at 3. This Court realizes that it is a substantial burden for the petitioner to show that, but for the delay, the conviction would have been reversed. However, the petitioner has made no showing whatsoever that the delay itself affected the appeal. And to the extent the delay caused prejudice in the form of anxiety, such is properly remedied through an action for damages. *See, infra.*

5. The Bureau's attorney-employees, if sued, might tenably assert that they did not "act" under color of state law.

R. Nils Olsen, Jr., Buffalo, N.Y., for petitioner.

Louis A. Haremski, Asst. Dist. Atty., Buffalo, N.Y., for respondent.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Presently before the Court is the petitioner's prayer for a writ of habeas corpus in a proceeding brought pursuant to 28 U.S.C. § 2254. The Petition is bottomed on claimed excessive delay experienced by the petitioner awaiting the perfection and the resolution of his appeal from a state court conviction. For the reasons set forth below, this Court will deny the Petition. However, because this Court also finds that the petitioner probably has been deprived of certain constitutionally-secured rights, he will be permitted to recast this proceeding via a complaint pursuant to 42 U.S.C. § 1983 for damages arising out of claimed violations to his civil rights.

The Petition was filed with this Court July 11, 1988. By Order dated July 13, 1988 the matter was referred to Magistrate Judge Edmund F. Maxwell for review and a report containing findings of fact, conclusions of law and a proposed disposition of the case. *See* 28 U.S.C. § 636(b)(1)(B). The facts, as set forth by the Magistrate Judge in his January 22, 1991 Report and Recommendation ("R & R") are summarized below.

On March 6, 1985, following a jury trial in the Supreme Court of the State of New York, Erie County, the petitioner was convicted of first-degree rape, first-degree sodomy and first-degree sexual abuse. He was sentenced to two terms of six and two-thirds to twenty years and one term of two to six years, all to run concurrently. On May 8, 1985 a notice of appeal was filed and by an order dated September 18, 1985 the Legal Aid Bureau of Buffalo, Inc. ("the Bureau") was assigned to represent the petitioner. On March 24, 1986, in response to an inquiry by the petitioner regarding the status of his appeal, a staff attorney for the Bureau informed plaintiff that, due to the Bureau's backlog of at least two years on appeals, the petitioner's case would not be submitted to the Appellate Division until at least November 1987. On November 18, 1987 the petitioner filed a motion for summary reversal in the Appellate Division, based on the delay in his appeal. On January 29, 1988 the Appellate Division denied the petitioner's motion.

The petitioner commenced the instant habeas corpus proceeding July 11, 1988 claiming denial of his right to appeal and denial of effective assistance of appellate counsel. On August 23, 1988 counsel was assigned to represent the petitioner in this action. On December 23, 1988 the petitioner's appellate brief was filed by the Bureau and, by Order and Memorandum dated April 14, 1989, the petitioner's state court conviction was unanimously affirmed 149 A.D.2d 974, 543 N.Y.S.2d 347. Application for leave to appeal to the New York Court of Appeals was denied June 28, 1989.

By Order dated March 23, 1990 the Magistrate Judge determined that the instant Petition was not moot and directed that the merits of the claim be addressed. The Magistrate Judge subsequently issued his R & R addressing the merits of the petitioner's claims. As set forth below, this Court agrees with the Magistrate Judge's conclusions and affirms the R & R in its entirety.

The issue *sub judice* is whether the extensive delay in the petitioner's appeal violated his constitutional rights to due process and to effective assistance of counsel.[1]

■ Although the respondent raised a number of defenses in his answer none is viable. As stated hereinabove, this action was not rendered moot due to the perfection and resolution of the petitioner's appeal. *See Mathis v. Hood*, 851 F.2d 612 (2d Cir.1988). Also, the petitioner has not failed to join necessary party-defendants. *See Billiteri v. United States Bd. of Parole*, 541 F.2d 938 (2d Cir.1976). Finally, it is clear that a federal habeas corpus proceeding is an appropriate vehicle for relief from a long-delayed appeal. *See Simmons v. Reynolds* ("*Simmons*"), 898 F.2d 865 (2d Cir.1990). Thus, this Court will now turn to the merits of the petition.

■ In determining whether an appeal's delay rises to the level of a deprivation of constitutionally protected due process rights, the United States Court of Appeals for the Second Circuit has directed that the factors originally set forth in *Barker v. Wingo* ("*Barker*"), 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972), be utilized. *See Simmons, supra.* These factors are (1) the length of the delay, (2) the reason(s) for the delay, (3) the prisoner's assertions of his right, and (4) the prejudice to the prisoner from the delay. Such factors are to be balanced—weighing the conduct of both the prisoner and the state—and no single factor is either necessary or sufficient to a finding of a deprivation. *See Barker, supra,* at 533, 92 S.Ct. at 2193; *Wheeler v. Kelly* ("*Wheeler*"), 639 F.Supp. 1374, 1378 (E.D.N.Y.1986), *aff'd,* 811 F.2d 133 (2d Cir.1987).

■ As to the first *Barker* factor— length of delay—the petitioner was incarcerated for nearly four years between the

1. Although the right to an appeal from a state-imposed criminal conviction is not mandated by the federal constitution, where a state has provided that an appeal as of right exists, those due process protections existing at the trial—including the right to reasonably effective counsel— must be extended through the completion of such appeal. *See Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 *reh'g denied,* 470 U.S. 1065, 105 S.Ct. 1783, 84 L.Ed.2d 841 (1985); *Simmons v. Reynolds,* 898 F.2d 865, 868 (2d Cir.1990).

filing of the notice of appeal and its final resolution. While there is no set formula for determining whether a particular delay is excessive—*see e.g., Wheeler, supra,* at 1378—, it is clear that this case was neither so complicated nor so complex that a four-year delay was justified. Once perfected, the appeal was heard and resolved within four months. Accordingly, this Court finds the four-year delay to be unreasonable. *See, e.g., Simmons, supra; Wheeler, supra.*

The second *Barker* factor—the reason for the delay—reveals that the excessive delay was due almost entirely to the inaction of assigned counsel, as well as the seeming inattentiveness of the Appellate Division itself in addressing the problem. Although the notice of appeal and the motion to proceed *in forma pauperis* were timely filed, nearly four months passed prior to the appointment of counsel by the Appellate Division. Upon a later inquiry from the petitioner himself, assigned counsel frankly informed the petitioner that it would be another one and a half years before his appeal would be perfected. Given such a clear indication of what to expect, any failure by the petitioner to do more cannot be viewed critically.

These events are relevant to the third *Barker* factor—the prisoner's assertion of his rights. Although his inquiries were not many, the efforts made by him—including the filing of this action—clearly reveal that he did not waive his rights or otherwise contribute to the delay.

Finally, with respect to the fourth *Barker* factor—prejudice to the prisoner—, this Court finds that such a delay may have been prejudicial in creating an anxiety and a concern that one's appellate rights will be adversely affected. Whether the petitioner was prejudiced in the ultimate disposition of the appeal may not be knowable. While no evidence of prejudice to the appeal itself has been presented, it would not strike this Court as unusual that a four-year delay must profoundly worry an individual hopefully awaiting a successful outcome of his appeal. *See Simmons v. Reynolds,* 708

F.Supp. 505, 510 (E.D.N.Y.1989), *aff'd, Simmons, supra.* Accordingly, this Court finds that the four-year delay well could have caused prejudice to the petitioner. *See Simmons, supra,* at 868.

Weighing the four *Barker* facts, this Court finds—in agreement with the Magistrate Judge—that the petitioner's due process rights were violated by the four-year delay in his appeal.

■ The petitioner has also claimed that he was deprived of his right to effective assistance of counsel. It is well established that a criminal defendant is entitled to effective assistance of counsel in an appeal as of right just as he is entitled to effective assistance of counsel at trial. *See Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 *reh'g denied,* 470 U.S. 1065, 105 S.Ct. 1783, 84 L.Ed.2d 841 (1985).[2] Further, in *Simmons, supra,* an attorney's five-year delay in perfecting an appeal was determined to be "nominal and ineffective as a matter of law and [violative of] the due process rights of the convicted client." *Simmons, supra,* at 868. Here, the period of delay attributable to assigned counsel was sufficiently long enough for this Court to find, as a matter of law, that the petitioner received ineffective assistance of counsel.

■ Having determined that the petitioner was deprived of his rights to due process and effective assistance of counsel, this Court must now determine appropriate relief. Because the petitioner's appeal resulted in an affirmance and—while late—is not itself alleged to have been constitutionally deficient, the petitioner's incarceration is not unlawful. *See Cody v. Henderson* ("*Cody*"), 936 F.2d 715, 720 (2d Cir.1991) ("An untainted affirmance of a petitioner's state appeal * * * makes clear that the petitioner was confined pursuant to a valid judgment of conviction *throughout* the period of delay."); *see also Diaz v. Henderson* ("*Diaz*"), 905 F.2d 652, 653 (2nd Cir.1990). Thus, short of a showing that, but for the delay, the appellate result would have been different, this Court must

**2.** Cited in footnote 1, *supra.*

find that release from custody is inappropriate.[3] *See Mathis v. Hood,* 937 F.2d 790, 794, 795 (2d Cir.1991); *see also Cody, supra,* at 719; ("*Diaz* and *Simmons* clearly stand for the proposition that unconditional release from custody is not an appropriate remedy unless [a petitioner] can demonstrate that appellate delay caused substantial prejudice to the disposition of his appeal.") *Diaz, supra,* at 653; *Simmons, supra,* at 869.[4]

■ Because granting a Petition for a writ of habeas corpus has been determined to be inappropriate, this Court must find— following *Cody, Simmons,* and *Diaz*—that relief for the prejudice suffered by this petitioner is best obtained through a suit under 42 U.S.C. § 1983 for damages. Such relief satisfies the directive for a district court to "dispose of the matter as law and justice require." 28 U.S.C. § 2243; *see also Simmons, supra,* at 869. Although this Court is aware that in bringing such a suit the petitioner may encounter claims of qualified immunity and/or an absence of action under color of state law,[5] it finds that such potential impediments are not enough to persuade this Court to disallow a section 1983 action. As the United States Court of Appeals for the Second Circuit has stated— "[n]ot every constitutional violation results in a recovery." *Diaz, supra,* at 654.

Accordingly—and affirming the findings in the R & R—it is hereby ORDERED that the instant Petition for a writ of habeas corpus is denied but that the petitioner may, within sixty days, recast his present

claims in a complaint for damages pursuant to 42 U.S.C. § 1983.

---

**3.** An alternative writ that usually is available in delayed appeal cases is one directing the State court to hear the appeal within a specified time period or to release the prisoner. *See, e.g., Wheeler, supra,* at 1382; *see also Simmons, supra,* at 869. However, this remedy is obviously unavailable when, as here, the appeal has been heard and resolved.

**4.** The petitioner asserts that requiring him to show actual prejudice to the appeal itself is overly burdensome. He asserts that doing so would require him to argue the merits of his appeal before this Court and that such arguments would be dismissed as involving "exhausted and unexhausted claims and non-justi-

ciable state law claims." Petitioner's Objections to the R & R at 3. This Court realizes that it is a substantial burden for the petitioner to show that, but for the delay, the conviction would have been reversed. However, the petitioner has made no showing whatsoever that the delay itself affected the appeal. And to the extent the delay caused prejudice in the form of anxiety, such is properly remedied through an action for damages. *See, infra.*

**5.** The Bureau's attorney-employee, if sued, might tenably assert that he did not "act" under color of state law.