[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15683
Non-Argument Calendar

_____

D. C. Docket No. 04-00147-CV-DF-5

RICHARD RICARDO SLATER,

Petitioner-Appellant,

versus

BRUCE CHATMAN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 14, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Richard Ricardo Slater, a Georgia prisoner proceeding pro se, appeals the

district court's dismissal without prejudice of his 28 U.S.C. § 2254 petition for

failure to exhaust state-court remedies. After review, we affirm.

In this case, there is no dispute that Slater has failed, in fact, to exhaust his state-court remedies. Normally, this failure would automatically prohibit a federal court from granting habeas relief. See 28 U.S.C. § 2254(b)(1)(A). However, an exception to this general rule applies when either "there is an absence of available State corrective process[] or circumstances exist that render such process ineffective to protect the rights of the applicant." Id. at §§ 2254(b)(1)(B)(i) - (ii). Because Slater argues that his case fits the above exception, we must outline his state-court proceedings and examine whether the exception applies.

In 2001, Slater was convicted in state court for: (1) intent to distribute marijuana; and (2) driving with a suspended/revoked driver's license. He was sentenced to eight years' probation. In 2002, Slater was convicted in state court for cocaine trafficking within 1,000 feet of school property. On May 22, 2003, Slater's probationary sentence was revoked based on his conviction for cocaine trafficking.

Slater filed both a state direct appeal and a state habeas petition challenging his probation revocation. As of the date of the district court's dismissal of Slater's § 2254 petition, Slater's direct appeal had been pending for 16 months. However, for reasons unexplained in the record, it allegedly took the state 14 months to

appoint Slater appellate counsel.

Although we have some question as to why it would take 14 months to appoint counsel, the state courts are now moving forward with Slater's direct appeal.[1]  Given that the state courts are now moving forward with Slater's direct appeal, we cannot say that "there is an absence of available State corrective process[] or circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. §§ 2254(b)(1)(B)(i) - (ii).  However, we caution against such long delays in the appointment of counsel.  See Dixon v. Florida, 388 F.2d 424, 425 (5th Cir. 1968) (stating that "a state of exhaustion can be reached by the lapse of time and at some point in time exhaustion need not be further exhausted").

For all of the above reasons, we conclude that the district court properly dismissed without prejudice Slater's § 2254 petition for failure to exhaust state-court remedies.  Once Slater has exhausted his state-court remedies (or an exception applies), he may timely refile his § 2254 petition.

AFFIRMED.

---

[1]Slater's state habeas petition has been stayed because, under Georgia state law, a prisoner's state habeas petition ordinarily must be stayed during the pendency of the direct appeal process. See generally O.C.G.A. § 9-14-42; Collins v. State, 591 S.E.2d 820, 821 (Ga. 2004).  Thus, we focus on Slater's direct appeal.

3