**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DELMART E.J.M. VREELAND, II,

      Petitioner - Appellant,

v.

JOHN DAVIS; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 13-1170
(D.C. No. 1:12-CV-02039-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

In 2006, Delmart Vreeland, II was convicted in Colorado state court on various charges related to sex offenses and drugs. Mr. Vreeland initiated the instant action when he filed a pro se[1] petition for a writ of habeas corpus under 28

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Vreeland is proceeding pro se, we construe his filings
(continued...)

U.S.C. § 2254. The district court dismissed the petition without prejudice for failure to exhaust state remedies. Mr. Vreeland now requests a certificate of appealability ("COA") to challenge the district court's dismissal. He also seeks leave to proceed *in forma pauperis* ("IFP"), requests from our court appointment of counsel, and appeals the district court's denial of counsel. We **deny** Mr. Vreeland's application for a COA, **deny** him IFP status, and **dismiss** this matter.[2]

## I

Mr. Vreeland's state convictions were entered on December 11, 2006. For various reasons not relevant to our disposition, the Colorado Court of Appeals ("CCA") had not yet rendered a decision on his direct appeal when, on August 3,

---

[1](...continued)
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

[2]    Mr. Vreeland asks us to appoint him counsel. Because of our ultimate disposition of his request for a COA (that is, our denial of it), we **deny** that request as moot. Mr. Vreeland also objects to the district court's failure to appoint him counsel. He does not require a COA to present this objection on appeal, *see Harbison v. Bell*, 556 U.S. 180, 183 (2009), but the district court did not abuse its discretion in refusing to appoint counsel. Mr. Vreeland is fully capable of expressing his position in writing, the issues are not particularly complex, and, as discussed below, his petition was properly dismissed. *See Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) ("The decision to appoint counsel [in a habeas proceeding] is left to the sound discretion of the district court" and should not be disturbed where, *inter alia*, the issues are relatively simple); *Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 861 (10th Cir. 2005) (finding no abuse of discretion in a district court's refusal to appoint counsel to a habeas petitioner where the claims were meritless). Accordingly, we have no occasion to disturb the district court's decision to deny Mr. Vreeland appointed counsel.

2012, he filed his federal petition for habeas corpus. While Mr. Vreeland's federal petition was pending, the CCA affirmed Mr. Vreeland's conviction. Shortly thereafter, the district court dismissed Mr. Vreeland's petition without prejudice for failure to exhaust state court remedies and declined to issue a COA.

## II

Mr. Vreeland appears before us seeking a COA in order to challenge the district court's dismissal of his petition. He raises two arguments. First, Mr. Vreeland asks us to excuse exhaustion as a result of the undue, state-created delay in his direct appeal. Second, he makes out an independent due process claim based on the same delay. We take up—and reject—each argument in turn.

## A

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A). A COA should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To justify a COA, the applicant is required to "demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

3

When, as here, habeas relief is "denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (omission in original) (quoting *Slack*, 529 U.S. at 484). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

**B**

"For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Where a petitioner has not exhausted his state remedies, "[g]enerally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006).

In his application for a COA, Mr. Vreeland indicates that he is currently

4

petitioning the Colorado Supreme Court for discretionary review of his direct appeal. Thus, by his own admission, he has not satisfied the exhaustion requirement. *See Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) ("The exhaustion requirement is satisfied if the issues have been 'properly presented to the *highest* state court, either by direct review of the conviction or in a postconviction attack.'" (emphasis added) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)).

## C

Failure to exhaust state remedies can be "excused if a petitioner can 'demonstrate cause for the [failure] and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (quoting *Bland*, 459 F.3d at 1012). Cause can be demonstrated by sufficient evidence either that "'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii)), *cert. denied*, --- U.S. ----, 132 S. Ct. 1558 (2012).

Mr. Vreeland asks us to excuse his failure to exhaust because of the delay in his direct appeal. "'[I]nexcusable or inordinate delay by the state in processing claims for relief' may make the state process ineffective to protect the petitioner's

5

rights and excuse exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1555 (10th Cir. 1994) ("*Harris II*") (quoting *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986)).  However, we did not say in *Harris II*, nor have we said anywhere else, that failure to exhaust can be excused on the basis of a delay that has already ended.  That is the situation we confront here, as the delay Mr. Vreeland relies upon—i.e., the delay at the CCA—is over.  In all of the cases cited by *Harris II* in the relevant passage, the failure to exhaust was excused, if at all, because the highlighted delay was *ongoing*.  *See id.* at 1554–56 and cases cited therein.[3]

This only stands to reason.  Where the delay has come to a close, the comity concerns underlying the exhaustion requirement compel the federal courts to allow the state litigation to run its course.  *See Burkett v. Cunningham*, 826 F.2d 1208, 1218 (3d Cir. 1987) (holding that because delay in state appeal had been resolved and case was before state supreme court, "it is appropriate to allow that court, in the first instance, to hear petitioner's claims"); *Seemiller v. Wyrick*, 663 F.2d 805, 807 (8th Cir. 1981) (per curiam) ("After the district court entered its decision, the state court held a hearing on Seemiller's claims.  Thus, real

---

[3]    In *Harris v. Champion*, 938 F.2d 1062, 1064–65 (10th Cir. 1991) ("*Harris I*"), we presented another list of cases to support the same proposition. Again, nary a one of them held that an excuse for exhaustion could be found where the relevant delay was no longer a problem.  *Id.*  We did cite *Smith v. Kansas*, 356 F.2d 654, 655 (10th Cir. 1966), which has language that might be read to that effect, but that decision is unclear on whether it found an excuse or a due process violation and unclear on what remedy it was ordering.

6

progress has been made in the state proceedings, and we think that exhaustion may not yet be excused by us.").

**D**

The appropriate remedy to seek in a situation like the present one is not waiver of the exhaustion requirement, but rather habeas relief for the delay as an independent due process claim. *See Cody v. Henderson*, 936 F.2d 715, 718 (2d Cir. 1991) ("[E]ven when the habeas petitioner seeks release from custody based on delay or denial of his right to appeal and his conviction is thereafter affirmed by the state appellate court, the affirmance does not by itself moot the habeas petition *because* undue appellate delay raises a legitimate due process claim." (emphasis added)); *see generally Harris II*, 15 F.3d at 1558–67 (discussing the due process remedy for delay in direct appeal from conviction in state court). To prevail on a due process claim of this sort, a petitioner in Mr. Vreeland's position must show prejudice from the delay, and such prejudice must render the "confinement constitutionally deficient." *Harris II*, 15 F.3d at 1566 (quoting *Diaz v. Henderson*, 905 F.2d 652, 653 (2d Cir. 1990)) (internal quotation marks omitted). Therefore, "[a]n untainted affirmance of a petitioner's state appeal while his habeas petition is pending makes clear that the petitioner was confined pursuant to a valid judgment of conviction *throughout* the period of delay." *Id.* (quoting *Cody*, 936 F.2d at 720) (internal quotation marks omitted). An affirmance is "untainted" when the petitioner fails to show "that the appeal would

7

have had a different result absent the delay." *Diaz*, 905 F.2d at 653. Mr. Vreeland does not even purport to make that showing regarding the CCA's affirmance of his convictions on direct appeal, and we consequently have no reason to believe that any of his convictions would have been reversed had his appeal been processed more expeditiously. Indeed, Mr. Vreeland's real complaint at this stage is merely that it may take a lot longer for him to finish exhausting his state remedies and the effort may be fruitless. This complaint has nothing to do with prejudice, and does not substantiate his due process argument.

In short, Mr. Vreeland failed to exhaust his state remedies on any of his claims and has not excused his failure or made out an independent due process claim based on the delay.[4] Because "a plain procedural bar [was] present"—i.e., failure to exhaust—"and the district court [was] correct to invoke it to dispose of [the] case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Coppage*, 534 F.3d at 1281 (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

## III

For the reasons set forth above, we **deny** Mr. Vreeland's application for a

---

[4] Mr. Vreeland also contends that the dismissal caused a miscarriage of justice, but he does not come remotely close to making such a showing.

COA, **deny** him IFP status, and **dismiss** this matter.


Entered for the Court


JEROME A. HOLMES
Circuit Judge