NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**


Argued May 28, 2014
Decided August 19, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*


No. 13-1748

| | |
|---|---|
| JOSEPH M. MONEGAIN, III, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *Petitioner-Appellant*, | |
| *v.* | |
| | No. 13-cv-55 |
| JESSE CARLTON, Chief Probation Officer, | **James T. Moody**, |
| *Respondent-Appellee.* | *Judge*. |


### O R D E R

Joseph Monegain was convicted in Indiana state court of two counts of criminal confinement and one count of battery.  He appealed, but the state court affirmed his conviction.  Monegain then filed a petition in state court for post-conviction relief,

arguing, among other things, ineffective assistance of appellate counsel. Monegain also filed a petition for habeas corpus relief in federal court. The district court denied that petition without prejudice because Monegain's state post-conviction proceedings were still pending. In dismissing his petition, the district court rejected Monegain's argument that he was excused from exhausting his state court remedies because of an "inordinate" and "unjustifiable" delay in the state court's resolution of his case. The district court also denied Monegain a certificate of appealability, but this court granted the certificate of appealability. Five days before oral argument, the state trial court denied Monegain's petition for post-conviction relief, rejecting Monegain's claim of ineffective assistance of counsel, malicious prosecution, and judicial bias. While the state trial court had delayed Monegain's case for more than two years, now that it has issued its decision there is no longer an impediment to Monegain seeking resolution of his state post-conviction petition in the Indiana appellate courts. Accordingly, because Monegain has not exhausted his state court remedies, we affirm the district court's dismissal of his petition for habeas corpus without prejudice.

## I.

In February 2008, Monegain got into a fight with his ex-girlfriend Carol McElfresh, with whom he still lived.[1] During the fight, he started pushing, grabbing, and throwing McElfresh. Two other individuals, Jessica Walpole and Larry Murray, were also living in the same house. Walpole heard loud voices and sounds "like things were being thrown" and she went upstairs to investigate. Walpole told Monegain to get away from McElfresh. Monegain turned on Walpole and pushed her against the stove. McElfresh got between Walpole and Monegain, but Monegain grabbed McElfresh and threw her down again. Walpole then grabbed a knife from the stovetop and ran to the basement stairs, yelling to Murray to call the police. McElfresh saw Monegain going to her bedroom saying "I know; I'll show them; I'll get the gun." She saw him head to the side of the bed where she kept her shotgun and crouch down. McElfresh ran to her neighbor's house and told them to call 911. Meanwhile, Walpole and Murray stayed in the basement waiting for the police to arrive. From the basement, Murray could see the bottom of Monegain's legs at the top of the stairs and heard him "breech the gun" while

---

[1]   We take these facts from the Indiana appellate court decision affirming Monegain's conviction, which are presumed to be correct. *Harris v. Thompson*, 698 F.3d 609, 613 (7th Cir. 2012).

yelling "I'm going to kill you, mother f*****, I'm going to blow your f****** heads off." After a standoff with police, Monegain eventually exited the house. A search of the house revealed a shotgun loaded with two live shells on top of McElfresh's bed.

Based on these events, Monegain was charged and later convicted in Indiana state court of two counts of criminal confinement and one count of battery. He was sentenced on July 28, 2008, to concurrent terms of ten years' imprisonment, with four years of the sentence suspended. He served three years in prison and then was released and began probation on July 28, 2011. Monegain completed his probation on July 28, 2014.[2]

Following his conviction, Monegain appealed, challenging the sufficiency of the evidence. The Indiana Court of Appeals affirmed. Monegain did not seek review in the Indiana Supreme Court or the United States Supreme Court. On April 20, 2010, Monegain filed a *pro se* petition for post-conviction relief in the state trial court, alleging, among other things, ineffective assistance of appellate counsel. After filing that petition, Monegain filed several motions and petitions in state court seeking to force the state trial court to rule on his claims. He also amended the post-conviction petition three times, with the final amendment coming on August 1, 2011. On August 29, 2011, the trial court set a briefing schedule, giving Monegain sixty days to file supporting affidavits and the State sixty days to respond. The State did not respond and the petition was fully briefed as of February 29, 2012.

After nearly a year with no action by the state trial judge on his post-conviction petition, on January 29, 2013, Monegain filed this petition for a writ of habeas corpus.[3]

---

[2] Even though Monegain has served his sentence and completed his term of probation, his petition for habeas relief is not moot because "we presume collateral consequences from his criminal conviction," such as "the inability to possess firearms lawfully." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008).

[3] He had previously filed a petition for habeas relief in January 2012, but that petition was dismissed without prejudice because Monegain's post-conviction proceedings were still pending and this court denied Monegain's request for a

(continued...)

In his *pro se* habeas petition, Monegain alleged that his appellate attorney was ineffective for failing to argue his trial counsel was ineffective by not objecting to the use of inadmissible evidence and also by his "failure to impeach." Before the district court, Monegain acknowledged that he had not exhausted his state court remedies, but argued that he was excused from doing so because of an "inordinate" and "unjustifiable" delay in the state court's resolution of his case. The district court rejected that argument and this court granted a certificate of appealability.

Now represented by counsel, Monegain appeals. In his brief, Monegain again argued that he is excused from the exhaustion requirement because of the state trial court's delay in ruling on his post-conviction petition. We held oral argument for this appeal on Wednesday, May 28, 2014. The Friday before argument, May 23, 2014, the state trial court issued a three-page decision denying Monegain's petition for post-conviction relief. In that decision, the state trial court rejected Monegain's arguments of ineffective assistance of counsel, malicious prosecution, and judicial bias. As discussed below, because the state trial court delay has ended and the State provides a viable option for relief by appeal to the Indiana appellate court, we affirm the district court's dismissal of Monegain's habeas petition without prejudice.

## II.

On appeal, Monegain argues that he is excused from exhausting his state court remedies.[4] Ordinarily, before seeking federal habeas relief a petitioner must raise his

---

[3](...continued)
certificate of appealability.

[4] Initially, the government argues that this court lacks jurisdiction over Monegain's appeal because the district court had denied his petition for habeas relief without prejudice. However, "[t]here is no general rule that dismissals without prejudice are nonfinal orders and therefore nonappealale under 28 U.S.C. § 1291." *Schering-Plough Healthcare Prod., Inc. v. Schwarz Parma, Inc.*, 586 F.3d 500, 507 (7th Cir. 2009). Rather, "when the case does end in the district court, the dismissal is ripe for appeal even if a similar case may be filed in the future because the dismissal was without prejudice." *Id.* Conversely, when a dismissal without prejudice can be

(continued...)

federal claims in state court. *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013). However, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner need not exhaust his state court remedies if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b).

Monegain argues that such circumstances exist in his case because his petition for post-conviction relief was "unjustifiably" stalled in the state trial court for an "inordinate" amount of time—from February 29, 2012, until May 23, 2014. Accordingly, Monegain argues he is excused from exhausting his state court remedies. *See Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997) (holding, pre-AEDPA, that a petitioner is excused from exhausting state court remedies if the delay is "inordinate" and "unjustifiable"). However, because the state trial court has now issued its decision, the impediment to Monegain obtaining review in the Indiana state courts has been removed and the current circumstances of this case do not render the state process ineffective. *See Vreeland v. Davis*, 543 Fed. App. 739, 742 (10th Cir. 2013) (rejecting the petitioner's argument that his failure to exhaust should be excused because of the delay in his direct appeal because the delay at the court of appeals "is over"); *Slater v. Chatman*, 147 Fed. App. 959, 960 (11th Cir. 2005) (holding that even after a sixteen-month delay in the state court, "[g]iven that the state courts are now moving forward with [the petitioner's] direct appeal, we cannot say that 'there is an absence of available State corrective process[ ] or [that] circumstances exist that render such process ineffective to protect the rights of the applicant'") (quoting 28 U.S.C. § 2254(b)(1)(B)(i)-(ii))). *Cf. Hughes v. Stafford*, 780 F.2d 1580, 1581–82 (11th Cir. 1986) (holding under pre-AEDPA habeas statute that petitioner was not excused from the exhaustion requirement because "[a]lthough the eight-year delay in the state's ruling on Hughes' habeas corpus petition should not have occurred, the state court nonetheless acted on the merits  with

---

⁴(...continued)
"immediately curable," such as through an amended complaint that elaborates on or changes allegations, such a decision would not be final. *Id.* In this case, the district court's dismissal without prejudice is not "immediately curable," and the question presented for appeal—whether Monegain is excused from his duty to exhaust his state court remedies—is ripe for review. *See, e.g., Sceifers v. Trigg*, 46 F.3d 701, 702 (7th Cir. 1995) (exercising jurisdiction over the petitioner's appeal which argued an inordinate delay excused his obligation to exhaust state remedies and which challenged the district court's dismissal of his petition for habeas relief, without prejudice).

prompt speed when Hughes asked for a ruling and there is nothing to indicate he would not have received an expeditious handling of his case by the Georgia Supreme Court").

Comity demands that we give "states the first opportunity to address and correct alleged violations of a petitioner's federal rights." *Liberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). As the Supreme Court long ago explained, "in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the States, and in recognition of the fact that the public good requires that those relations be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the [C]onstitution," a habeas petitioner must first exhaust his state court remedies. *SKS & Assoc., Inc. v. Dart*, 619 F.3d 674, 679 n.4 (7th Cir. 2010) (quoting *Ex Parte Royall*, 117 U.S. 241, 251 (1886)). And because "the delay has come to a close, the comity concerns underlying the exhaustion requirement compel the federal courts to allow the state litigation to run its course." *Vreeland*, 543 Fed. App. at 742. Accordingly, in this case, Monegain must first give the Indiana appellate courts an opportunity to pass on the federal constitutional question. Once Monegain exhausts his state court remedies, he may timely re-file his § 2254 petition. We AFFIRM.