■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD STUBBS, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Ingrassia, J.), rendered February 10, 1981, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the People failed to prove his guilt beyond a reasonable doubt. Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The credible evidence adduced at trial demonstrated that the defendant was one of two individuals who forceably robbed the complainant of his wallet. Several witnesses placed the defendant at the scene of the crime and the defendant's own wallet, containing a photograph and identification papers, was found near the scene, apparently having been dropped by him during his flight. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Equally without merit is the defendant's contention that he was deprived of his right to counsel. While an indigent defen-

dant has a right to a court-appointed lawyer, he does not have the right to his choice of assigned counsel *(see, People v Sawyer,* 57 NY2d 12). A defendant must show "[g]ood cause" before the court will substitute counsel *(People v Sawyer, supra,* at 19; *see, People v Medina,* 44 NY2d 199; *People v Willis,* 147 AD2d 727). Although the defendant contended that his assigned trial counsel should be relieved because he was an Assistant District Attorney in Orange County at the time the defendant was indicted, he failed to make the requisite showing that his assertion in this regard was true. Accordingly, as the defendant was not willing to proceed *pro se* and had no valid reason to support the assignment of new counsel, the court did not err in denying his application.

We have reviewed the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.