**Mikail MUWWAKKIL, a/k/a Michael Negron, Petitioner–Appellant,**

v.

**Robert HOKE, Superintendent, Eastern Correctional Facility, Respondent–Appellee.**

No. 1174, Docket 91–2568.

United States Court of Appeals, Second Circuit.

Argued March 24, 1992.

Decided July 7, 1992.

Richard Ware Levitt, New York City, for petitioner-appellant.

Ann Bordley, Asst. Dist. Atty., Brooklyn, N.Y. (Charles J. Hynes, Dist. Atty. for Kings County, Brooklyn, N.Y., Jay M. Cohen, Asst. Dist. Atty., Brooklyn, N.Y., of counsel), for respondent-appellee.

Before LUMBARD, NEWMAN, and CARDAMONE, Circuit Judges.

LUMBARD, Circuit Judge:

Mikail Muwwakkil appeals from the December 9, 1991 order of the District Court for the Eastern District of New York, Korman, *Judge*, denying his amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. Muwwakkil argues that a thirteen year delay in hearing his direct appeal from a state murder conviction violated his right to effective access to the appellate process, thereby requiring a vacatur or reduction of his sentence. We affirm the order of the district court and remand for further proceedings.

On October 25, 1977, Muwwakkil was convicted in New York Supreme Court, Kings County, of murder in the second degree and sentenced to prison for twenty-five years to life. He filed a timely notice of appeal, and counsel was assigned to represent him. Muwwakkil, who was in prison, immediately contacted the lawyer, offering suggestions for appeal. He also requested transcripts of the trial and drafts of the appellate brief as they became available. Counsel responded that he would send the materials shortly, though Muwwakkil never received them. Muwwakkil continued to write to counsel, but the lawyer's responses remained the same: he was working on the appeal and the briefs would be ready shortly. In fact, the lawyer took no action on the appeal, and failed even to perfect the appeal as required by New York law. Consequently, on June 28, 1985, the appeal was dismissed.

Unaware of the dismissal, Muwwakkil continued efforts to contact his attorney, but to no avail. Counsel eventually stopped responding to the letters, and some were returned undelivered. Muwwakkil then contacted various prisoner assistance and legal aid groups in search of assistance, but they, too, were unable to locate Muwwakkil's appointed counsel. On March 13, 1990, Muwwakkil finally contacted the Appellate Division, Second Department, for information on the status of his appeal. He was told that the appeal had been dismissed five years earlier.

On June 7, 1990, Muwwakkil, acting *pro se*, petitioned for a writ of habeas corpus in the District Court for the Eastern District

of New York, claiming that the state violated his right to due process by failing to provide him access to the appellate process. On November 19, 1990, Judge Korman denied Muwwakkil's petition on the condition that the Appellate Division reinstate and decide the appeal within nine months. Muwwakkil was released on bail pending determination of the appeal.

On November 20, 1990, the Appellate Division reinstated Muwwakkil's appeal and assigned him new counsel. The conviction was unanimously affirmed on May 13, 1991, 173 A.D.2d 571, 570 N.Y.S.2d 161, and on June 28, 1991, the court denied leave for further appeal.

On July 31, 1991, Muwwakkil moved to amend his petition for federal habeas corpus. Muwwakkil argued that although his conviction was lawful, the thirteen year delay in hearing the appeal was unconstitutional, and his sentence must therefore be set aside. Judge Korman granted Muwwakkil's motion to amend his petition, but denied the request for relief. Muwwakkil appeals.

Muwwakkil was clearly denied his right to a speedy appeal. The thirteen year delay in processing an appeal is the longest we have encountered. *See, e.g., Elcock v. Henderson*, 947 F.2d 1004 (2d Cir.1991) (finding eight and a half year delay excessive); *Mathis v. Hood*, 937 F.2d 790 (2d Cir.1991) (six year delay); *Cody v. Henderson*, 936 F.2d 715 (2d Cir.1991) (ten year delay); *Diaz v. Henderson*, 905 F.2d 652 (2d Cir.1990) (seven year delay); *Simmons v. Reynolds*, 898 F.2d 865 (2d Cir. 1990) (six year delay). Furthermore, Muwwakkil actively pursued his appeal throughout that time, regularly writing to his attorney and then to legal aid groups. Given the extraordinary length of the delay, Muwwakkil's diligent and continuous efforts to pursue his appeal, and the state's apparent failure to supervise its appointed counsel and monitor its calendar, Muwwakkil was denied his right to due process.

In the past, however, we have pointed out that "[e]ven where a habeas petitioner has demonstrated that his due process rights have been violated by a delay in the appellate process, we have 'not consider[ed] th[e] delay, without more, to be a sufficient basis for release from custody.'" *Elcock v. Henderson*, 947 F.2d at 1008, quoting *Mathis v. Hood*, 937 F.2d at 794. Rather, "some showing of prejudice *to the appeal* is necessary for habeas relief." *Mathis v. Hood*, 937 F.2d at 794 (emphasis added); *see also, Cody v. Henderson*, 936 F.2d at 720 ("unconditional release is not available unless the appeal has been tainted"). Unless Muwwakkil can show "a reasonable probability that, but for the delay, the result of the appeal would have been different," *Mathis v. Hood*, 937 F.2d at 794, he is not entitled to habeas relief.

Muwwakkil has produced no evidence that prompt disposition of his appeal would have yielded a different outcome. In fact, he concedes there was no actual prejudice from the delay. Rather, Muwwakkil urges us to depart from precedent and find an impairment of the constitutional integrity of the appeal itself, thereby warranting habeas relief. We decline to do so.

We have repeatedly declined to issue a writ of habeas corpus absent prejudice or violation of a conditional writ, *see Cody v. Henderson*, 936 F.2d at 721; *Simmons v. Reynolds*, 898 F.2d at 869, situations in which the legality of continued incarceration was in question. Absent such a situation habeas relief is normally inappropriate, as it "grants a prisoner dismissal of a criminal charge on which he was properly convicted, a right he does not have." *Simmons v. Reynolds*, 898 F.2d at 869. We see no reason in this case to extend habeas corpus beyond its traditional use.

Nevertheless, we remain seriously concerned with the pattern of appellate division delays that have been brought before the district courts by New York state prisoners. The petitions of indigent prisoners have continued to show that their constitutional right to appeal is being nullified. In the past, we have suggested that we might reconsider unconditional release in such cases, *see Simmons v. Reynolds*, 898 F.2d at 870, and in *Cody v. Henderson*, 936 F.2d 715 (2d Cir.1991), though we declined to order release, we said: "It should be noted that lesser remedies may be available such as 'release on bail pending appeal or sentence reduction by a factor proportioned to

the delay suffered by the defendant.' " *Id.* at 721 n. 1 (citing Arkin, *Speedy Criminal Appeal: A Right Without A Remedy,* 74 Minn.L.Rev. 437, 443 (1990)).

Though the unprecedented delay in Muwwakkil's case, thirteen years, presents compelling circumstances for some form of relief, the State earnestly urges us to forbear use of remedies such as sentence reduction because of the recent steps the Appellate Division has taken to computerize its assigned counsel cases and track their progress. Though improvement to date appears to be modest at best, we will afford the State a reasonable period of time to demonstrate that its new procedures will prove to be effective. However, we will give the matter continuing attention and will not hesitate to entertain requests for significant remedies if extended state court appellate delays continue.

Although habeas relief is not available, Muwwakkil has been deprived of his rights. We therefore remand the case to the district court in order to allow Muwwakkil to pursue other remedies which may be available to him. The order of the district court is affirmed and the case is remanded for further proceedings.

The mandate shall issue forthwith.