Donald E. STUBBS, Petitioner–
Appellant,

v.

Arthur A. LEONARDO, Superintendent,
Southport Correctional Facility,
Respondent–Appellee.

No. 1666, Docket 91–2494.

United States Court of Appeals,
Second Circuit.

Argued June 26, 1992.

Decided Aug. 28, 1992.

Richard L. Herzfeld, New York City, for petitioner-appellant.

David R. Huey, Sr. Asst. Dist. Atty., Goshen, N.Y. (Francis D. Phillips, II, Dist. Atty., on the brief), for respondent–appellee.

Before: NEWMAN, PRATT, and WALKER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

Donald E. Stubbs appeals from the September 13, 1991, judgment of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, Judge) denying his application for a writ of habeas corpus to challenge his 1981 conviction for second and third degree robbery. Stubbs contends that a nine-year delay in his state court appeal denied him due process of law and caused him prejudice by inducing him to forgo filing a *pro se* brief in order to expedite the appellate process.

### Background

Stubbs was convicted on February 10, 1981, and sentenced to a term of imprisonment of five to fifteen years. He was represented at trial by the Orange County Legal Aid Society. A notice of appeal was filed on February 20, 1981, and the New York State Supreme Court, Appellate Division, Second Department, permitted Stubbs

to proceed as a poor person. The Appellate Division appointed Dennis McCormick, Chief Attorney of the Orange County Legal Aid Society, to represent Stubbs on appeal. McCormick assigned the appeal to Grant Kelleher, a staff attorney at the Orange County Legal Aid Society.

Kelleher and Stubbs corresponded extensively about the appeal. Stubbs wanted Kelleher to appeal on the ground that Stubbs had received ineffective assistance of counsel at trial. Kelleher attempted to dissuade Stubbs from raising this issue on appeal. Stubbs insisted, and Kelleher stated, that he would have to be relieved as counsel to avoid a conflict of interest. Kelleher moved to be relieved as counsel and was relieved on December 6, 1983. Stubbs asserts that he was never notified by Kelleher or the Appellate Division that Kelleher had been relieved.

On March 5, 1984, the Appellate Division appointed Arthur Selkin as Stubbs's new appellate counsel. Stubbs states that he was never notified of Selkin's appointment and that Selkin never contacted him or took any steps to pursue his appeal. Stubbs learned that Selkin had been appointed to be his counsel more than five years later, when he received a letter from Rudolph Migliore informing him that Migliore had been appointed by the Appellate Division on April 3, 1990, to replace Selkin.

Stubbs filed a habeas petition in the District Court in May of 1990 against the respondent custodian ("the State"), seeking a writ of habeas corpus on the ground that the failure of assigned counsel to perfect his appeal for over nine years constituted a violation of his due process rights. Judge Cedarbaum held a hearing on April 12, 1991, at which time the state court appeal had not yet been perfected. Migliore had filed a brief with the Appellate Division in August 1990. The brief did not include allegations of ineffective assistance of counsel. Stubbs had moved in October 1990 to file a supplemental brief *pro se*. Permission was granted, but Stubbs stated that he was unable to file his brief because he had not received the trial transcript.

The State, awaiting petitioner's *pro se* brief, had not filed a brief in opposition.

At the conclusion of the habeas hearing, the District Court directed the State to send the transcript to Stubbs at the Southport Correctional Facility and to file an appellate brief within ten days. The Court directed Stubbs to inform the Court, after he received the transcript, whether he still wished to submit a *pro se* brief to the Appellate Division. The Court also directed counsel for the State and Stubbs's appellate counsel to inform the Appellate Division of the delay in Stubbs's appeal and of the habeas petition.

The State's brief was filed with the Appellate Division on April 17, 1991. In a letter dated April 24, 1991, Stubbs informed the District Court that he had not received the transcript,[1] renewed his claim that he had been prejudiced by the state court delay, and asked the District Court to act on his habeas petition by vacating his state court conviction. In this letter Stubbs also stated that he was withdrawing his prior motion to file a *pro se* supplemental brief in the state court. Judge Cedarbaum forwarded Stubbs's letter to the Appellate Division. The Appellate Division calendared the appeal for June 20, 1991, and heard oral argument on that date. The Appellate Division affirmed Stubbs's conviction on July 8, 1991. *People v. Stubbs*, 175 A.D.2d 187, 572 N.Y.S.2d 72 (2d Dep't 1991).

Judge Cedarbaum denied the writ on the ground that the appellate delay had not caused substantial prejudice to the disposition of Stubbs's appeal and that the appellate review had not been a mere "meaningless ritual," *Simmons v. Reynolds*, 898 F.2d 865, 867 (2d Cir.1990), since the Appellate Division's opinion indicated that the Court had considered the issues raised by Stubbs in the brief submitted by his counsel and at oral argument.

### Discussion

■ Stubbs makes two claims on appeal. First, he renews the claim, made to the

---

1. The State reports that the District Attorney's Office mailed a copy of the transcript to the prison address that petitioner had provided at the April 12, 1991, hearing. Stubbs apparently was transferred to another prison and did not receive the transcript.

District Court, that the nine-year delay in hearing his state court appeal *per se* entitles him to some form of relief. We have recently considered and rejected a similar claim, one involving even a longer delay. *See Muwwakkil v. Hoke,* 968 F.2d 284 (2d Cir.1992) (thirteen-year delay). *See also Cody v. Henderson,* 936 F.2d 715 (2d Cir. 1991) (nine and one-half year delay); *Simmons v. Reynolds,* 898 F.2d 865 (2d Cir. 1990) (six year delay). Though we remain concerned about the pattern of state court appellate delays in criminal cases, we will continue to withhold ordering relief for the fact of delay in the absence of a showing of prejudice to the appeal, at least until there has been an opportunity to assess the results of the improvements in state court monitoring practices that were represented in *Muwwakkil* to have recently been adopted.

Stubbs also contends that his April 24, 1991, letter should not be treated as a waiver of the opportunity, previously granted by the Appellate Division, to file a *pro se* brief and that his state court appeal was substantially prejudiced by the absence of such a brief. Reading his *pro se* letter to the District Court generously, we think his point was that the state court appellate process had been so long delayed and was being so further delayed by the lack of a transcript that he preferred to obtain from the District Court the habeas relief to which he believed himself entitled. His withdrawal of his motion to file the *pro se* brief is fairly to be understood as an assertion that the state court proceeding need no longer be pursued and that federal court relief was now warranted. However, once the District Court properly determined that the state appellate court adjudication, though long delayed, was an adequate remedy for the delay, Stubbs was entitled to pursue that appeal. Whether or not he had a right to file a *pro se* brief initially, *see Chamberlain v. Ericksen,* 744 F.2d 628, 630–31 (8th Cir.1984), *cert. denied,* 470 U.S. 1008, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985), the fact remains that the Appellate Division had granted him that right, and only his non-receipt of the transcript, which the District Court had required be sent to him, precluded his preparation of the brief.

Under these circumstances, and with due regard to the prolonged interval during which Stubbs has been obliged to await the pursuit of his state appellate remedy, during much of which he was without counsel, we think the appropriate remedy now is to permit the filing of a *pro se* brief and require its consideration by the Appellate Division. Accordingly, we will remand the matter to the District Court with directions to issue a conditional writ of habeas corpus, ordering Stubbs's release unless the Appellate Division (a) promptly grants Stubbs 30 days to file a *pro se* brief and (b) thereafter reconsiders the merits of his state court appeal in light of a timely filed *pro se* brief. We will expect the State to cooperate in meeting the conditions of the conditional writ.

Remanded with directions.