■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL VASQUEZ, Appellant. [731 NYS2d 167] —Judgments, Supreme Court, New York County (William Wetzel, J.), rendered December 3, 1996, convicting defendant, upon his pleas of guilty, of attempted robbery in the first degree (two counts) and sentencing him, as a second violent felony offender, to concurrent terms of 5 to 10 years, and order, same court and Justice, entered on or about December 21, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

The record establishes that defendant received meaningful representation in connection with his highly advantageous guilty pleas (*see, People v Benevento*, 91 NY2d 708, 713-714; *People v Ford*, 86 NY2d 397, 404). We note at the outset that defendant, a second violent felony offender, was indicted for first-degree robbery and attempted robbery, arising out of separate incidents, and received concurrent sentences of 5 to 10 years.

There was no conflict of interest adversely affecting counsel's representation of defendant (*see, Cuyler v Sullivan*, 446 US 335, 348-350). Defendant's meritless complaint to the Departmental Disciplinary Committee did not create such a prejudicial conflict (*see, People v Davis*, 226 AD2d 125, *lv denied* 88 NY2d 1020; *Mathis v Hood*, 937 F2d 790, 796). Furthermore, no prejudicial conflict was created when defendant moved to withdraw his pleas and counsel made comments, in response to an inquiry from the court, in defense of his own performance (*see, People v Rodriguez*, 251 AD2d 259, *lv denied* 92 NY2d 904). The record establishes that the court's proper denial of defendant's plea withdrawal motion was completely independent of counsel's remarks (*see, People v Colon*, 283 AD2d 193). Defendant was not deprived of meaningful representation as a result of counsel's failure to pursue defendant's *pro se* speedy trial motion addressed to the attempted robbery indictment. Based on our examination of the record, we conclude that such motion would have been unavailing.

The court properly denied defendant's CPL 440.10 motion

without a hearing (*see, People v Satterfield*, 66 NY2d 796) and without requiring the People to respond (*see, People v Orr*, 240 AD2d 213). The motion raised the same issues that defendant raises on direct appeal, all of which are based on the record, and there were no factual issues requiring a hearing. Concur— Rosenberger, J. P., Nardelli, Ellerin, Lerner and Saxe, JJ.