**Miguel VASQUEZ, Petitioner–Appellant,**

v.

**Edward REYNOLDS, Superintendent of Mohawk Correctional Facility, Respondent–Appellee.**

**Docket No. 02–2219.**

United States Court of Appeals, Second Circuit.

March 7, 2003.

Nancy Lee Ennis, Quijano & Ennis, P.C., New York, N.Y., for Petitioner–Appellant.

Robin A. Forshaw, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York; Beth J. Thomas, Assistant Solicitor General, on the brief), New York, N.Y., for Respondent–Appellee.

Present: STRAUB, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Petitioner–Appellant Miguel Vasquez ("Vasquez") appeals from the April 3, 2002 judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*) dismissing Vasquez's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Vasquez contends that the state's failure to provide him with timely appellate review violates due process and that he is accordingly entitled to habeas relief in the form of a proportional sentence reduction.

On November 18, 1996, Vasquez pled guilty to two counts of attempted robbery in the first degree in the New York State Supreme Court, New York County. In January 1997, Vasquez filed a notice of appeal with the Appellate Division, First Department. Due to the events set forth in detail in the District Court's order, Vasquez's appeal was delayed for various reasons. On December 27, 1999, Vasquez filed this instant habeas petition, alleging that the continued delay violated due process. In October 2001, almost five years after he initiated his state appeal, while his habeas petition was still pending before the District Court, the Appellate Division unanimously affirmed Vasquez's conviction. *See People v. Vasquez*, 287 A.D.2d 334, 731 N.Y.S.2d 167 (1st Dep't 2001). The District Court subsequently dismissed Vasquez's habeas petition, concluding that the prior delay did not violate due process when the *Barker* factors were weighed as a whole. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). As an alternate ground for dismissal, the District Court held that sentence reduction was an inappropriate remedy regardless of whether the delay violated due process.

We review a district court's denial of habeas relief *de novo. See Cohen v. Senkowski*, 290 F.3d 485, 488 (2d Cir. 2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 879, 154 L.Ed.2d 794 (2003). When a prisoner brings an appellate delay claim, a showing of actual prejudice to the appeal is required to obtain additional habeas relief beyond the grant of a conditional writ, the preferred remedy for such claims. *See Elcock v. Henderson*, 28 F.3d 276, 279 (2d Cir.1994); *Mathis v. Hood*, 937 F.2d 790, 794 (2d Cir.1991); *Diaz v. Henderson*, 905 F.2d 652, 653–54 (2d Cir.1990). In this case, Vasquez makes no such claim of actu-

al prejudice. Moreover, because the state court has already affirmed Vasquez's conviction, the remedy of a conditional writ would serve no purpose.

 Instead, he argues that his anxiety and frustration over the delayed appeal justifies habeas relief in the form of a proportional sentence reduction, a possibility this Court has previously discussed in dicta. *See Muwwakkil v. Hoke,* 968 F.2d 284, 285–86 (2d Cir.1992); *Cody v. Henderson,* 936 F.2d 715, 721 n. 2 (2d Cir.1991). In *Muwwakkil,* however, we explicitly explained that the grant of affirmative habeas relief is normally inappropriate when the legality of the prisoner's continued incarceration is no longer in question and that a prisoner has no right to "dismissal of a criminal charge on which he was properly convicted." *Muwwakkil,* 968 F.2d at 285 (quoting *Simmons v. Reynolds,* 898 F.2d 865, 869 (2d Cir.1990)). Accordingly, the remedy of a sentence re-

duction, if available at all, would necessarily be limited to extreme circumstances that are absent in this case. *See id.* at 286 (declining to issue habeas relief despite thirteen year delay in resolving appeal).

Because no habeas relief is available, the District Court properly dismissed Vasquez's habeas petition.* As the remedy issue is determinative, we need not decide whether the District Court correctly ruled on the merits of Vasquez's due process claim.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.

---

* We note that other remedies may be available to Vasquez under 42 U.S.C. § 1983 or state law.