■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE WALTON, Appellant. [788 NYS2d 107]—

Judgment, Supreme Court, New York County (Carol Berkman, J., on motion for reassignment of counsel; Edward J. McLaughlin, J., at jury trial and sentence), rendered January 10, 2003, convicting defendant of forgery in the second degree (two counts), grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of $3^{1}/_{2}$ to 7 years, unanimously affirmed.

After sufficient inquiry, the court properly denied defendant's request for new assigned counsel, since defendant failed to establish good cause for a substitution (*see People v Sides*, 75 NY2d 822 [1990]). The record fails to support defendant's current assertion that the court's inquiry was inadequate; defen-

dant received ample opportunity to be heard both orally and in writing, and the court engaged him in an extended colloquy. Defendant's unjustified hostility toward his counsel and his disagreements with counsel's tactics did not require substitution (*see People v Sawyer*, 57 NY2d 12, 19 [1982]; *People v Medina*, 44 NY2d 199, 209 [1978]). Defendant's challenge to the effectiveness of his trial representation involves matters outside the record and thus would require a CPL 440.10 motion (*People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). To the extent the present record permits review, it establishes that counsel went on to provide effective assistance at trial (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant was not deprived of his right to conflict-free representation. When defendant filed meritless complaints to the Departmental Disciplinary Committee and in federal court against assigned counsel, any conflict was of defendant's own making, and he was not entitled to circumvent the good cause requirement by creating an artificial conflict (*see People v Linares*, 2 NY3d 507, 512 [2004]; *People v Vasquez*, 287 AD2d 334 [2001], *lv denied* 97 NY2d 709 [2002]; *People v Davis*, 226 AD2d 125 [1996], *lv denied* 88 NY2d 1020 [1996]; *see also Mathis v Hood*, 937 F2d 790, 796 [2d Cir 1991]). Counsel's brief defense of his own performance, made in response to an inquiry from the court, did not create a prejudicial conflict. Counsel's innocuous and generalized remark fell far short of providing damaging factual information (*compare People v Rozzell*, 20 NY2d 712 [1967]), and the court's familiarity with the proceedings permitted it to make an informed determination without having to rely on defense counsel's statements (*see People v Vasquez*, 287 AD2d 334 [2001], *supra*).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Mazzarelli, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.