The People of the State of New York, Respondent, v Michael Okolo, Appellant. [825 NYS2d 391]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 3, 2005. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]). We reject the contention of defendant that he was denied the right to effective assistance of counsel when defense counsel took a position adverse to him during Supreme Court's inquiry into his request for substitution of counsel. Defense counsel's "brief defense of [her] own performance, made in response to an inquiry from the court, did not create a prejudicial conflict" (*People v Walton*, 14 AD3d 419, 420 [2005], *lv denied* 5 NY3d 796 [2005]). Thus, contrary to the contention of defendant, he was not "deprived of his right to conflict-free representation" (*id.*). Also contrary to the contention of defendant, the record establishes that he knowingly, intelligently and voluntarily waived his right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]). That waiver encompasses defendant's challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]) and, in any event, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Centra and Green, JJ.