Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered December 22, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.
Given the circumstances, the court made an adequate inquiry into defendant’s request for new counsel, made after commencement of trial and while defendant was refusing to appear in the courtroom. Counsel relayed this request to the court, and explained the reasons for his client’s request. Those grounds fell far short of good cause for a midtrial change of attorneys. “Defendant’s unjustified hostility toward his counsel and his disagreements with counsel’s tactics did not require substitution” (People v Walton, 14 AD3d 419, 420 [2005], lv denied 5 NY3d 796 [2005]). When defendant returned to the courtroom later in the trial, his main tactical disagreement with counsel had been resolved and defendant had no further complaints.
The portion of the prosecutor’s summation that defendant challenges as distorting the evidence was permissible argument, since it sought to draw reasonable inferences from the record (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]); in any event, any error in this regard was harmless. Defendant’s other challenge to the summation is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal.
We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.E, Sweeny, Catterson, DeGrasse and ManzanetDaniels, JJ.