# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

128

KA 10-00386

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ANTHONY FUDGE, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

ANTHONY FUDGE, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered July 14, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, unlawful fleeing a police officer in a motor vehicle in the third degree, resisting arrest, criminal possession of a controlled substance in the seventh degree and reckless driving.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, assault in the second degree (Penal Law § 120.05 [3]), defendant contends that he was denied effective assistance of counsel. We reject that contention. While defense counsel need not support a defendant's pro se motion for the assignment of new counsel, a defendant is denied the right to counsel when defense counsel becomes a witness against the defendant by taking a position adverse to the defendant in the context of such a motion (*see e.g. People v Kirkland*, 68 AD3d 1794, 1795; *People v Okolo*, 35 AD3d 1272, 1283, *lv denied* 8 NY3d 925). Here, however, the brief defense of her own performance by defendant's attorney did not create a prejudicial conflict (*see Okolo*, 35 AD3d at 1283; *People v Walton*, 14 AD3d 419, 420, *lv denied* 5 NY3d 796). Defendant failed to preserve for our review his further contention that he was deprived of his right to a fair trial because the court improperly denigrated defense counsel in the presence of the jury (*see People v Charleston*, 56 NY2d 886, 887-888). In any event, we conclude that defendant's contention is without merit (*cf. People v Lynch*, 60 AD3d 1479, 1481, *lv denied* 12 NY3d 926).

With respect to defendant's challenge to the severity of the sentence, we note that, to the extent defendant contends that he was improperly penalized for asserting his right to a trial, that contention is not preserved for our review (*see People v Griffin*, 48 AD3d 1233, 1236-1237, *lv denied* 10 NY3d 840; *People v Irrizarry*, 37 AD3d 1082, 1083, *lv denied* 8 NY3d 946; *People v Green*, 35 AD3d 1211, 1211, *lv denied* 8 NY3d 985) and, in any event, that contention lacks merit (*see Griffin*, 48 AD3d at 1236-1237).  Moreover, the sentence imposed is not unduly harsh or severe.

Finally, we have reviewed defendant's contentions raised in his pro se supplemental brief and conclude that they are unpreserved for our review (*see* CPL 470.05 [2]), and in any event are without merit.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court