People v Ferrer (2018 NY Slip Op 07356)





People v Ferrer


2018 NY Slip Op 07356


Decided on November 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 1, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Gische, Tom, JJ.


7535 3880/14

[*1]The People of the State of New York, Respondent,
v
Anthony Ferrer, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Lee M. Pollack of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered August 16, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, scheme to defraud in the first degree (two counts), grand larceny in the third degree (two counts), forgery in the second degree (13 counts), criminal possession of a forged instrument in the second degree (seven counts), identity theft in the first degree (11 counts), criminal possession of stolen property in the third degree (eight counts), attempted criminal possession of stolen property in the third degree, unlawful possession of personal identification information in the third degree (three counts, offering a false instrument for filing in the first degree (two counts) and criminal possession of forgery devices),
and sentencing him to an aggregate term of 4½ years, unanimously affirmed.
Defendant failed to establish good cause to substitute counsel at the sentencing proceeding. When defendant made an unfounded ethics complaint against counsel, "any conflict was of defendant's own making, and he was not entitled to circumvent the good cause requirement by creating an artificial conflict" (People v Walton, 14 AD3d 419, 420 [1st Dept 2015], lv denied 5 NY3d 795 [2005]). Furthermore, counsel was not obligated to argue in favor of his client's plea withdrawal motion, which was meritless except to the limited extent the court granted it (see People v Washington, 25 NY3d 1091, 1095 [2015]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 1, 2018
CLERK