People v Hamlett (2019 NY Slip Op 00382)





People v Hamlett


2019 NY Slip Op 00382


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


293/06 8155 5050/07 8154

[*1]The People of the State of New York, Respondent,
v
John Hamlett, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (John Cataldo, J.), rendered January 22, 2008, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of six years, unanimously affirmed. Judgment, same court (Maxwell Wiley, J. at colloquies on substitution of counsel; Arlene D. Goldberg, J. at jury trial and sentencing), rendered July 22, 2008, convicting defendant of three counts of assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of seven years, consecutive to the plea conviction, unanimously affirmed.
As to the January 22, 2008 plea conviction, the court providently exercised its discretion in denying defendant's motion to withdraw the plea. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]). Here, permitting defendant to set forth his claims in detail constituted a suitable inquiry under the circumstances. The record on its face shows that defendant's guilty plea was made knowingly, intelligently, and voluntarily, and his claims of coercion and innocence were contradicted by the statements he made during the plea colloquy. Defendant pleaded guilty after the victim and other witnesses testified during a trial, at which defendant represented himself and was assisted by an attorney acting as his legal advisor. Defendant's claims of ineffective assistance by the legal advisor were unsupported or contradicted by the record, and the plea court, which had presided over the trial, was familiar with all the relevant circumstances. The plea was plainly not the product of the legal advisor's alleged misadvice about the opportunity to recall a witness, or any other purported defects in the uncompleted trial or in the advisor's performance. Instead, it clearly resulted from the strength of the People's case, which included evidence that defendant phoned the victim to admit his guilt and apologize for the crime. Defendant's remaining challenges to the plea are likewise meritless.
As to the July 22, 2008 trial conviction, the court providently exercised its discretion in denying the request for substitution of counsel made by defendant and the attorney who had been defendant's legal advisor in the case that resulted in a guilty plea. Nothing in the record indicates that defense counsel had a genuine conflict of interest with defendant or that counsel was in any way deficient in representing him (see People v Sides, 75 NY2d 822, 824 [1990]; People v Medina, 44 NY2d 199, 207 [1978]). Defendant's claim that the attorney rendered ineffective assistance in his role as legal advisor in the plea case was baseless, for the reasons stated above. Although the attorney himself asserted that defendant's allegations against him resulted in a conflict, these allegations created, at most, an "artificial conflict" (People v Davis, 226 AD2d 125, 126 [1st Dept 1996], lv denied 88 NY2d 1020 [1996]). Courts have recognized that an [*2]attorney should not be relieved on the basis of a manufactured conflict (see People v Linares, 2 NY3d 507, 512 [2004][violent threat against attorney]; People v Vasquez, 287 AD2d 334 [1st Dept 2001] [meritless disciplinary complaint against attorney], lv denied 97 NY2d 709 [2002]; Davis, 226 AD2d at 126 [meritless lawsuit against attorney]; see also Mathis v Hood, 937 F2d 790, 796 [2d Cir 1991]). In any event, defendant once again proceeded to trial pro se, with the same legal advisor, and the record as a whole casts doubt on his claim that he represented himself only on constraint of the court's refusal to relieve the attorney.
The trial court properly rejected defendant's proposed response to a jury note on the issue of causation. Defendant did not preserve his challenges to the court's ultimate response to that note, to the court's response to another note, or to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find that the court provided meaningful responses to each of the jury inquiries (see People v Almodovar, 62 NY2d 126, 131 [1982]; People v Malloy, 55 NY2d 296, 301 [1982], cert denied 459 US 847 [1982]), and that nothing in the summation warrants reversal (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK