People v Jenkins (2023 NY Slip Op 05197)

People v Jenkins

2023 NY Slip Op 05197

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

Ind No. 4019/17 Appeal No. 773-773A Case No. 2019-03624 2022-03507 

[*1]The People of the State of New York, Respondent,
v
Darell Jenkins, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Allison Haupt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered July 29, 2019, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 22 years to life, unanimously affirmed. Order, Supreme Court, New York County (Thomas A. Farber, J.), entered on or about June 14, 2022, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously affirmed.
The court providently exercised its discretion in denying defendant's request for new counsel (see generally People v Sides, 75 NY2d 822, 824 [1990]). The court gave defendant ample opportunity to air his grievances against counsel, and this constituted a suitable inquiry given the lack of substance of those complaints, particularly since they were made on the eve of trial (see People v Colon, 145 AD3d 562, 562 [1st Dept 2016], lv denied 29 NY3d 947 [2017]; People v Hansen, 37 AD3d 318, 318-319 [1st Dept 2007]).
On the issue of restraining defendant during trial, counsel did not take a position adverse to his client such that defendant's right to conflict-free counsel was violated. It was the court itself that raised this issue, requested case law, and ultimately decided that restraints were necessary based on its personal observations. Defense counsel formally opposed the use of restraints at trial, although he provided the requested legal memorandum, indicated that he had some safety concerns, and requested that restraints be used when meeting with his client privately. Significantly, counsel's safety concerns were justified based on defendant's violent outburst during pretrial proceedings. Any conflict was therefore of "defendant's own making" (People v Ferrer, 166 AD3d 406, 406-407 [1st Dept 2018], lv denied 32 NY3d 1171 [2019]; People v Walton, 14 AD3d 419, 420 [1st Dept 2005], lv denied 5 NY3d 796 [2005]), and defense counsel "merely pointed out matters already in the record" (People v Burgos, 298 AD2d 190, 190 [1st Dept 2002], lv denied 99 NY2d 580 [2003]), "in response to an inquiry from the court" (People v Walton, 14 AD3d at 420), and accurately summarized the law. The restraints do not appear to have hindered defendant's ability to communicate with his counsel or the court, nor did they prejudice defendant insofar as they were not visible to the jury and both counsel tables were surrounded by bunting (see generally People v Cruz, 17 NY3d 941, 944 [2011]).
The evidence was legally sufficient to establish that the injury inflicted by defendant when he slashed the victim across the face caused serious disfigurement, thereby satisfying the serious physical injury element of assault in the first degree (see People v McKinnon, 15 NY3d 311, 315-316 [2010]; Penal Law § 10.00 [10]). Defendant cut the victim with a small knife, causing a six-inch permanent keloid scar on the left side of his face, which the jury was able to observe in photographs and in person. The jury could reasonably [*2]have determined that a scar of this size in this location was objectively distressing (see People v Richard, 193 AD3d 621, 622 [1st Dept 2021], lv denied 37 NY3d 974 [2021]; People v Jimenez, 155 AD3d 591, 591 [1st Dept 2017], lv denied 30 NY3d 1116 [2018]; People v Villalona, 145 AD3d 625, 625 [1st Dept 2016], lv denied 29 NY3d 953 [2017]). Moreover, "[d]efendant's intent to cause serious physical injury could . . . be readily inferred from his actions" (People v Burgos, 190 AD3d 431, 432 [1st Dept 2021], affd 38 NY3d 56 [2022]). Further, the evidence shows that the verdict was not against the weight of the evidence (People v Danielson, 9 NY3d 342 [2007]).
The trial court properly relied on a 2012 robbery conviction in designating defendant as a persistent violent felony offender. To constitute a predicate violent felony conviction, the "sentence" "must have been imposed before commission of the present felony" (see Penal Law §§ 70.04 [1][b][ii]; 70.08 [1][a]). Defendant was unconstitutionally sentenced on the 2012 conviction in absentia in June 2012 and was resentenced in September 2021. The relevant date for purposes of the recidivist
sentencing statutes is the original sentencing date, which predated commission of the instant offense (see People v Thomas, 33 NY3d 1, 3, 5-12 [2019]). We decline defendant's invitation to narrow the holding of Thomas.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023